Justice Alito,
dissenting.
In Doe v. Reed, 561 U. S. 186 (2010), the Court rejected appli­cants’ facial challenge to the Washington law authorizing the dis­ *1049 closure of referendum petitions but assured applicants that the disclosure could be blocked if a proper party could show that compelled disclosure would result in “‘threats, harassment, or reprisals.’” Id., at 201. Today’s order reveals that this assur­ance was empty.
On remand, the District Court rejected applicants’ as-applied challenge, relying primarily on a highly questionable interpreta­tion of our precedents. The District Court reasoned that only a select few organizations — what the court termed “minor” political parties and “fringe” groups — may challenge the disclosure of the names of persons who sign a referendum petition. Case No. C09-­5456 (WD Wash., Oct. 17, 2011), pp. 13-15. If a referendum suc­ceeds or nearly succeeds (or if the referendum supports a position that has not been historically vilified), then, according to the Dis­trict Court, disclosure of the names of the citizens who signed the petition cannot be shielded no matter how strong the evidence of threatened retaliation or how severe the nature of the threats. Id., at 15. Whether this is a correct interpretation of our cases presents an important question that merits serious appellate review.
The alternative basis for the District Court’s holding — that ap­plicants did not present sufficient evidence of threatened harm— also presents an important legal issue, namely, the type and quan­tity of proof that persons objecting to disclosure must adduce. As Judge N. R. Smith observed below, applicants adduced evi­dence that some supporters of the referendum “received death threats,” “had their children threatened,” and suffered various indignities, Case No. 11-35854 (CA9, Nov. 16, 2011), p. 8 (dissent­ing opinion), but according to the District Court, this was not enough. Whether the standard of proof applied by the District Court provides any real protection for persons who are threat­ened with retaliation for asserting their First Amendment rights is an important issue that merits considered appellate review.
There has been no such review in this case. When applicants took an appeal to the Ninth Circuit, the panel denied the stay application over Judge Smith’s protest that the majority had “race[d] to decide the case at [a] preliminary stage based on in­complete information and without even reviewing the record.” Id., at 3.
This Court now takes a similar approach. Particularly since the referendum at issue went down to defeat more than two years *1050 ago, the Court’s haste is hard to understand. I would grant a stay at least until the Court has had an opportunity to review the record and to consider the parties’ arguments.